UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
STERLING V. ROBINSON,

                        Plaintiff,          COMPLAINT

    -against-                              Docket No.

THE CITY OF NEW YORK,

                        Defendant.
------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the United States Constitution. Plaintiff STERLING V. ROBINSON was employed as a firefighter by the Fire Department of the City of New York commencing on or about May 18, 2004. In order to be hired, Mr. Robinson had studied and trained for participation in an open competitive civil service examination administered by the Department of Citywide Administrative Services of the City of New York. He took and passed Examination No. 7029 for the position of Firefighter and was placed on a hiring list in rank order based upon his examination score and any additional credits, such as residency, to which he was entitled. Eventually, after his name was on said hiring list for many months, plaintiff was reached for appointment as a firefighter.

2. On May 17, 2004, immediately prior to being sworn in as a firefighter, plaintiff was informed that he would not be hired by the Fire Department of the City of New York unless he signed an "Agreement." When plaintiff was coerced into signing the aforesaid "Agreement," counsel did not represent him nor was he given the opportunity to consult with counsel.

3. In the body of said "Agreement," he stated his purported "understanding" was that if he engaged in any misconduct, including arrest, relating to alcohol, marijuana or controlled substances during the term of the "Agreement," he would be terminated. Also, plaintiff purportedly waived all rights to commence any judicial or administrative proceedings, including any proceedings under a "Federal Civil Rights Statute" to "contest the authority and jurisdiction of the Fire Department to impose the terms and conditions" embodied in the "Agreement."

4. On October 20, 2004, plaintiff was terminated by the defendant THE CITY OF NEW YORK, based on the "Agreement," because he had been arrested and charged with driving while intoxicated and driving on the sidewalk. Those charges had not been adjudicated when plaintiff was fired.

5. Subsequently, on April 28, 2005, plaintiff was acquitted of all of the charges against him after a jury trial.

6. Despite plaintiff's total acquittal, defendant has steadfastly refused to reinstate plaintiff as a New York City firefighter.

7. The defendant has violated, and continues to violate, the plaintiff's rights by terminating his employment and depriving him of an important property interest without due process of law. Plaintiff seeks a preliminary and permanent injunction requiring the defendant to return him to his job as a firefighter and further seeks compensatory and punitive damages.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. Sections 1331 and 1343(3-4).

9. Venue is proper pursuant to 28 U.S.C. Section 1391(b) in that plaintiff's claims arose in the Eastern District of New York.

10. Jurisdiction to grant a declaratory judgment is confirmed by 28 U.S.C. Sections 2201 and 2202. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. Section 1988.

## PARTIES

11. Plaintiff STERLING V. ROBINSON resides at 503 West 148th Street, New York, New York 10031.

12. Defendant THE CITY OF NEW YORK is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

## FACTUAL ALLEGATIONS

13. The plaintiff STERLING V. ROBINSON was hired as a New York City firefighter on or about May 18, 2004. He was hired after competing in an open competitive civil service examination and waiting for his name to be reached on the hiring list established by that examination.

14. On May 17, 2004, immediately prior to being sworn in as a firefighter, plaintiff was informed that he would not be hired by the Fire Department of the City of New York unless he signed an "Agreement," which, amongst other things, forced him to "consent" to 24 months of random testing for alcohol, marijuana and controlled substance use or abuse.

15. In the body of said "Agreement," he stated his purported "understanding" was that if he engaged in any misconduct, including arrest, relating to alcohol, marijuana or controlled substances during the term of the "Agreement," he would be terminated.

16. Pursuant to said "Agreement," plaintiff purportedly waived all rights to commence any judicial or administrative proceedings, including any proceedings under a "Federal Civil Rights Statute" to "contest the authority and jurisdiction of the Fire Department to impose the terms and conditions" embodied in the "Agreement."

17. In addition to the aforesaid "Agreement," plaintiff was compelled to waive any claims to veteran credits in connection with his pending appointment as a firefighter.

18. When plaintiff was coerced into signing the aforesaid "Agreement," counsel did not represent him, nor was he given the opportunity to consult with counsel.

19. After being hired as a firefighter, plaintiff satisfactorily performed all tasks assigned to him by the Fire Department of the City of New York.

20. On or about October 11, 2004, plaintiff was arrested in Middletown, New York, and charged with driving while intoxicated and driving on the sidewalk.

21. Plaintiff pled not guilty to the above noted charges and steadfastly maintained his innocence.

22. On October 20, 2004, while the charges were still pending in Middletown, New York, and without the benefit of a hearing of any kind, the Fire Department of the City of New York terminated plaintiff's employment asserting that he violated the "Agreement" of May 17, 2004 "when he engaged in the conduct on October 11, 2004 that led to" his "arrest by Middletown, New York police on charges of driving while intoxicated."

23. On April 28, 2005, plaintiff was tried in the City Court of Middletown, New York on the aforesaid charges of driving while intoxicated and driving on the sidewalk. He was acquitted of all charges after a jury trial.

24. Subsequent to his acquittal, plaintiff requested reinstatement by the Fire Department of the City of New York, but was informed on October 4, 2005, that since the civil service hiring list from Examination No. 7029 had expired, the Personnel Rules and Regulations of the City of New York mandated that plaintiff was ineligible for reinstatement to the position of firefighter.

25. The defendant's actions have been taken under color of law.

### FIRST CAUSE OF ACTION

26. By terminating plaintiff for being arrested, the defendant has violated plaintiff's rights under the United States Constitution by depriving him of the constitutionally protected interests he has in his employment as a firefighter without providing him the due process of law mandated by the Fourteenth Amendment.

WHEREFORE, plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Issue a declaration that the defendant violated plaintiff's rights under the Fourteenth Amendment of the United States Constitution;

3. Issue a preliminary and permanent injunction ordering the defendant to return Firefighter Robinson to his status as a firefighter of the Fire Department of the City of New York;

4. Order the defendant to pay compensatory damages to the plaintiff;

5. Order the defendant to pay attorney's fees pursuant to 42 U.S.C. Section 1983; and

6.     Grant such and further relief as to this Court may seem just and proper.

DATED: New York, New York
       January 10, 2006

                      SULLIVAN PAPAIN BLOCK
                      McGRATH & CANNAVO P.C.

                      By: _____
                      MICHAEL   N.   BLOCK

(MNB0957)

                      Attorneys for Plaintiff
                      Office & P.O. Address
                      120 Broadway - 18th Floor
                      New York, New York 10271
                      (212) 732-9000

(UF-062892/MNB)