UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STERLING V. ROBINSON,

                                        Plaintiff,

            -against-                      06 CV 0317 (PC)

THE CITY OF NEW YORK,

                                        Defendant.

------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff, a former probationary firefighter with the New York City Fire Department ("FDNY"), brings this action pursuant to 42 U.S.C. §1983 against the City of New York. Specifically, plaintiff claims that defendant deprived him of the constitutionally protected interest he had in his employment as a firefighter, without providing him due process of law, prior to the October 19, 2004, termination of his employment.

As set forth more fully herein, defendant is entitled to dismissal of plaintiff's complaint for the following reasons. First, as a probationary firefighter, plaintiff does not have a constitutionally protected property right or interest in his employment with the FDNY and may be terminated without a pre-termination hearing. Second, plaintiff cannot demonstrate the inadequacy of the post-termination procedural remedies available to him. In fact, plaintiff has failed to pursue a special proceeding pursuant to Article 78 of the New York Civil Practice Law

and Rules, which provides plaintiff with a constitutionally adequate post-deprivation remedy to redress plaintiff's loss of employment. Accordingly, the complaint fails to state a claim upon which relief may be granted, and must be dismissed.

## STATEMENT OF FACTS[1]

On or about May 18, 2004, plaintiff was appointed to the FDNY on a probationary basis. Complaint ¶ 13. During the application/investigation process with respect to plaintiff's application for employment, it was learned that plaintiff previously had been discharged from the United States Navy due to alcohol and cocaine use. Additionally, plaintiff's background included his voluntarily admission into a drug treatment program for alcohol and cocaine abuse. See correspondence submitted by plaintiff to the FDNY during the application/investigation process, collectively annexed to the May 1, 2006 Declaration of Camille Barnett ("Barnett Dec.") as Exhibit "A." In light of the aforementioned substance abuse issues, plaintiff, as a condition of his hire with the FDNY executed a two-year pre-hire stipulation/agreement

---

[1] For the purposes of this motion only, defendant assumes that the material facts alleged in the complaint are true. This Court may also consider all of the exhibits annexed to the May 1, 2006 Declaration of Camille Barnett, submitted in support of defendant's motion to dismiss the complaint, in reviewing the instant motion because these documents are relied upon and incorporated by reference in plaintiff's complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2nd Cir. 2002) (court resolving motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000)(the Court also properly may consider any document attached to the complaint as an exhibit or incorporated in it by reference, as well as matters of public record of which it can take judicial notice); Rodriguez v. The American Friends of The Hebrew University, 1998 U.S. Dist. LEXIS 3701 (S.D.N.Y. 1998).

("Agreement") on May 17, 2004.  See Barnett Dec., Exhibit "B."  The aforementioned Agreement continued for the duration of plaintiff's 24-month probationary period with the FDNY, and any extensions thereto.  This Agreement provided, in pertinent part, that plaintiff would be terminated if he engaged in any misconduct, including arrest, relating to alcohol, marijuana and/or controlled substance.  Further, the agreement provided that plaintiff's refusal to submit to a test ordered by the Department, or refusal to take a breath, blood or urine test requested by a law enforcement agency in connection with an arrest, or if there is a finding of the presence of alcohol, marijuana or a controlled substance in plaintiff's blood or urine, such refusal or finding will be deemed to be a violation of the agreement.  Moreover, plaintiff agreed to waive any and all rights to commence any judicial proceeding, before any court, including but not limited to, actions pursuant to the Civil Rights Acts of 1964 or any other Federal Civil Rights Statute, to contest the authority and jurisdiction of the Fire Department to impose the terms and conditions embodied in the agreement.  Notably, this agreement expressly provided  that the FDNY did not limit its rights to terminate plaintiff, for any reason, during this probationary period.

Well within the two-year period of this Agreement and while on probation, on October 11, 2004, plaintiff was arrested by the Middletown, New York Police Department for Driving While Intoxicated (DWI) and driving on the sidewalk.  Complaint ¶ 22.  In light of plaintiff's violation of his pre-hire stipulation, plaintiff was terminated from his position as a probationary firefighter with the NYFD, effective October 20, 2004.  See termination letter from Fire Commissioner, Nicholas Scopetta, dated October 19, 2004, annexed to Barnett Dec. as Exhibit "C."

## ARGUMENT

## POINT I

### THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND MUST BE DISMISSED

In order to allege a violation of due process rights pursuant to 42 U.S.C. § 1983, a plaintiff must first establish that he has suffered a deprivation of a constitutionally protected property interest. If a protected interest is identified, the plaintiff must then show that he was deprived of that interest without due process. To establish a property interest, a plaintiff must have more than an abstract need or desire, but must instead, have a legitimate claim of entitlement to it under state or federal law. Rivera v. Community School District Nine, 145 F. Supp. 2d 302 (S.D.N.Y. 2001).

Under New York law, a probationary employee holds his position at the will of his employer, subject only to the limitation that any discharge may not be arbitrary and capricious. Cardona v. Ward, 673 F. Supp. 120, 1987 U.S. Dist. LEXIS 10295 (S.D.N.Y. 1987). It is well settled under New York law that a probationary employee has no property rights in his employment and therefore, has no legitimate claim of entitlement to continued employment. Jannsen v. Condo, 101 F.3d 14 (2d Cir. 1996) (probationary employee has no property interest in employment or in procedures for evaluating employee). As such, probationary employees may be terminated for almost any reason or no reason at all and if so terminated, a probationary employee is not entitled to a hearing prior or subsequent to dismissal, unless the employee can show a violation of statutory law or a constitutionally impermissible purpose underlying the termination.

At best, plaintiff herein has alleged no more than a termination during his probationary period well within the parameters of his previous agreement with his employer. No facts alleged by him support a contention that the defendant's decision to terminate his probationary employment with the FDNY was made for a constitutionally impermissible purpose. As such, his allegations are insufficient to state a constitutional claim. Castro v. New York City Board of Education et al., 777 F. Supp. 1113 (S.D.N.Y. 1990). Whether the discharge of a probationary employee is erroneous and regardless of the employee's performance, the probationary employee has no constitutional property interest in his/her employment and a claim pursuant to 42 U.S.C. § 1983 cannot be maintained. Castro supra; Jones v. The City of New York, et al.,1989 U.S. Dist. LEXIS 7093 (S.D.N.Y. 1989); Rivera supra; Fitzgerald v. Feinberg, 1999 U.S. Dist. LEXIS 12584 ( S.D.N.Y. 1999).

The termination letter from Fire Commissioner, Nicholas Scoppetta, clearly establishes plaintiff's status as a probationary firefighter. See Barnett Dec, Exhibit "C." Additionally, review of plaintiff's pre-hire Agreement reveals a twenty four month period of duration, and several references to plaintiff's probationary period. Id. at Exhibit "B." The aforementioned documents unmistakably confirm plaintiff's status as a probationary employee, and simply stated, an individual who, as a matter of state law, may be terminated from his position without cause and without a prior hearing cannot claim a property right to that position. Fitzgerald v. Feinberg, 1999 U.S. Dist. LEXIS 12584 (S.D.N.Y. 1999). Probationary employees lack a legitimate claim of entitlement and therefore, lack a property interest in the expectation of continued employment. Id. at 9. Even reading the complaint in the light most favorable to plaintiff, plaintiff's due process claims against The City of New York do not implicate any constitutionally protected rights properly remedied under 42 U.S.C. § 1983. Id. at 16. There is

no support in the record for holding plaintiff to be anything other than a probationary employee. As such, plaintiff's complaint should be dismissed in its entirety.

### POINT II

### THE EXISTENCE OF ADEQUATE POST-DEPRIVATION REMEDIES AT STATE LAW, SUFFICE TO GRANT PROCEDURAL DUE PROCESS AND HENCE RENDER MERITLESS PLAINTIFF'S CONSTITUTIONAL OBJECTIONS

In procedural due process claims, the deprivation by state action of a constitutionally protected interest in property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. Koehler v. New York City et al., 2005 U.S. Dist. LEXIS 8901 (S.D.N.Y. 2005). The Court, in analyzing such claims must determine (1) whether the plaintiff possessed a liberty or property interest and, if so, (2) what process was due before he could be deprived of that interest. Id. Even if plaintiff could establish the predicate property interest to a procedural due process claim, which plaintiff herein cannot, the existence of adequate post-deprivation remedies at state law, suffice to grant procedural due process and hence render meritless plaintiff's constitutional claims. Corredor v. United Fed'n of Teachers, 1998 U.S. App. LEXIS 22352 (1998). The Court of Appeals has held that § 1983 claims alleging violations of Due Process will not lie where the plaintiff had alternative remedies to protect his asserted property rights. Moore v. The New York City Department of Education and Students A, B, C and D, 2004 U.S. Dist. LEXIS 5338 (S.D.N.Y. 2004) *citing*, Giglio v. Dunn, 732 F.2d 1133, 1134 (2nd Cir. 1984), *cert. denied*, 469 U.S.932 (1984)(Court affirmed the dismissal of plaintiffs § 1983 claim for failure to state a claim where post resignation process available under Article 78 of New York's CPLR gave the employee a meaningful opportunity to

challenge the voluntariness of his resignation and that the availability of an Article 78 proceeding provided plaintiff with all the process he was due). The post-termination process available under Article 78 of New York's Civil Practice Law and Rules ("CPLR"), provided plaintiff with a meaningful opportunity to challenge is termination. Id. The availability of the Article 78 proceeding provided plaintiff with all the process he was due. Id.

When, as in the instant matter, the alleged due process violation stems from random, unauthorized acts by state employees, the Due Process Clause of the Fourteenth Amendment is not violated so long as the State provides a meaningful post-deprivation remedy. Koehler v. New York City et al., 20054 U.S. Dist. LEXIS 35045 (S.D.N.Y. 2005), *citing* Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877 (2nd Cir. 1996). As plaintiff was a probationary, non-tenured employee, he was not entitled to a pre-deprivation hearing because such an employee does not have a property right in his position. Koehler at 7; see also, Newell v. City of New York, 2002 U.S. Dist. LEXIS 4634, at 8 (S.D.N.Y. 2002). The availability of a post-deprivation remedy in the form of an Article 78 proceeding allowed plaintiff the opportunity to challenge his termination. Plaintiff's failure to avail himself of such post-termination remedies does not give rise to the instant federal due process claim. Where as here, an Article 78 proceeding gave plaintiff a meaningful opportunity to challenge his termination, he was not deprived of due process simply because he failed to avail himself of the opportunity. See Koehler, *supra* at 24; See also, Larue v. New York City Off-Track Betting Corp., 2004 U.S. Dist. LEXIS 24433 (S.D.N.Y. 2004)(where an Article 78 proceeding gave a meaningful opportunity to challenge the alleged unlawful termination, plaintiff was not deprived of due process simply because he failed to avail himself of the opportunity). As such, the instant action fails to state a claim and must be dismissed in its entirety.

## CONCLUSION

For all of the above reasons, defendant respectfully requests that the complaint be dismissed in its entirety, that the request for relief be denied in all respects, that the Clerk of the Court be directed to enter judgment for defendant and that defendant be granted such other and further relief as the Court deems just and proper. In the event of denial by the Court of the Motion to Dismiss the Complaint, the undersigned respectfully reserves the right pursuant to Federal Rules of Civil Procedure 12(a) (4) (A) to serve and file an Answer to the Complaint.

Dated:   New York, New York
         May 1, 2006

                                              MICHAEL A CARDOZO
                                              Corporation Counsel of the
                                                City of New York
                                              Attorney for Defendant
                                              100 Church Street, Room 2-141
                                              New York, New York 10007
                                              (212) 788-8685

By: _____
     Camille D. Barnett Assistant Corporation Counsel

Mario Frangiose,
Camille D. Barnett,
  Of Counsel.

8

Docket No. 06 Civ. 0317 (PAC)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

| STERLING V. ROBINSON,<br><br>                                              Plaintiff,<br><br>                  -against-<br><br>THE CITY OF NEW YORK,<br><br>                                              Defendant. |

| **MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |

| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br><br><br>*Attorney for Defendant*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br><br>*Of Counsel:  Camille D. Barnett*<br>*Tel:  (212) 788-8685*<br>*NYCLIS No. 06LE000014* |

| *Due and timely service is hereby admitted.*<br>*New York, N.Y.              , 200 . . .*<br>*          Esq.*<br>*Attorney for* |

9

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
: SS.:
COUNTY OF NEW YORK )

Camille D. Barnett, being duly sworn, says that on the 1st day of May 2006, she served the annexed Notice of Motion, Declaration in Support and Memorandum of Law in Support of the Defendant, City of New York's Motion to Dismiss the Complaint, upon counsel for plaintiff, Sterling V. Robinson, Michael N. Block, Esq., of Sullivan Papain Block, McGrath & Cannavo, P.C., by depositing a copy of same enclosed in a postpaid wrapper in a post office box situated at 100 Church Street, in the Borough of Manhattan, City of New York, regularly maintained by the government of the United States in said city directed to said counsel for plaintiff, at 120 Broadway, 18th Floor, New York, New York 1027in the Borough of New York, City of New York, being the address within the State theretofore designated for that purpose.

_____
CAMILLE D. BARNETT
Assistant Corporation Counsel

Sworn to before me this
1st day of May 2006

_____
NOTARY PUBLIC

JENNAYDRA D. CLUNIS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02CL6128650
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JUNE 27, 2009